UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WILLIAM H. KEENER, JR.,

                            Plaintiff,

            -vs-                                              06-CV-00313C(F)

BELL ATLANTIC–NEW YORK,

                            Defendants.

_____

APPEARANCES:   RICHARD H. WYSSLING, ESQ., Buffalo, New York, for Plaintiff.

                           PHILLIPS LYTLE LLP (PAUL K. STECKER, ESQ., of Counsel), Buffalo, New York, for Defendant.

## INTRODUCTION

Plaintiff commenced this action with the filing of a complaint on May 16, 2006. Item 1.  In it, he alleged that he was subjected to racial discrimination and was terminated from his employment on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) and the New York State Human Rights Law, New York Executive Law § 290, et seq. ("NYSHRL").

On July 17, 2006, defendant Bell Atlantic–New York filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Item 9.  Plaintiff filed a response to the motion on September 15, 2006. Item 16.  Thereafter, defendant filed a reply on September 29, 2006. Item 17.  The court has determined that oral argument is unnecessary.  For the reasons that follow, the defendant's motion to dismiss is granted.

**FACTS**

In his complaint, plaintiff, an African-American male, alleges that he was hired by defendant in a temporary capacity in 1997, and then was hired permanently as an administrative assistant on March 2, 1998. Item 1, ¶¶ 13-15. Plaintiff alleges that from the time he was hired permanently in 1998, he was subjected to a hostile work environment on the basis of his race and gender. *Id.*, ¶ 19. Specifically, plaintiff alleges that he was subjected to "offensive statements and gestures by his co-workers and immediate supervisors and unjustified and unduly harsh disciplinary actions by his supervisors." *Id.*, ¶ 20.

Plaintiff alleges that he was also subjected to disparate treatment on the basis of his race and gender. Item 1, ¶ 27. He states that on April 16, 1998, he notified defendant's Ethics and Compliance Officer of the harassment he endured. *Id.*, ¶ 31. Plaintiff further alleges that on April 21, 1998, he was disciplined on the unfounded accusation that he allegedly slept during a training session and was suspended for three days. *Id.*, ¶¶ 32-34. Additionally, following a meeting with plaintiff's third-level manager in May 1998, plaintiff alleges that the hostile work environment intensified. *Id.*, ¶ 38.

Plaintiff alleges that he was again falsely accused of sleeping on the job, and was suspended for three days in August 1998. Item 1, ¶ 52. On August 18, 1998, plaintiff was accused of being combative and abusive, and was discharged on August 28, 1998. *Id.*, ¶¶ 54-55.

Attached to the complaint as Exhibit A, plaintiff has included his charge of discrimination filed with the New York State Division of Human Rights ("SDHR") on

September 4, 1998 and cross-filed with the Equal Employment Opportunity Commission ("EEOC"). In it, plaintiff complained that he was subjected to a hostile work environment, including offensive remarks and gestures. Plaintiff stated that he complained to his District Manager, but the hostile environment was not corrected. Additionally, plaintiff complained that he was subjected to unwarranted discipline which culminated in his termination. Plaintiff charged defendant "with an unlawful discriminatory practice relating to employment by subjecting me to a racially hostile environment and by terminating my employment because of my race/color and sex . . ." Item 1, Exh. A.

Following the filing of the charge, the SDHR investigated and found probable cause to believe that defendant had engaged in unlawful behavior. On November 9, 2005, the SDHR dismissed the complaint on the grounds of administrative convenience, as plaintiff intended to pursue his remedies in federal court. Item 1, Exh. B. Plaintiff alleges three causes of action pursuant to Title VII and the NYSHRL–hostile work environment, disparate treatment, and retaliation.

## DISCUSSION

Defendant seeks dismissal of all claims brought under the NYSHRL as they are time-barred, and dismissal of plaintiff's retaliation claim for failure to exhaust administrative remedies. Plaintiff concedes that his claims under the NYSHRL are untimely. Item 16, p. 2. Accordingly, the court grants the defendant's motion to dismiss with respect to the NYSHRL claims.

Defendant also argues that plaintiff failed to exhaust his administrative remedies, in that his original charge to the SDHR and EEOC did not apprise the agencies that plaintiff

intended to bring a claim for retaliation. Plaintiff argues that the factual allegations in his charge put the agencies on notice of a possible retaliation claim.

In order to properly exhaust administrative remedies for a Title VII claim, a plaintiff must file a charge within 300 days of the alleged discriminatory treatment. *See* 42 U.S.C. § 2000e-5(e); 29 U.S.C. § 626(d) and 633(b). A district court has jurisdiction to hear only Title VII claims that either are included in an EEOC charge or are based on conduct subsequent to the EEOC charge that is "reasonably related" to that alleged in the EEOC charge. *See Butts v. City of New York Dept. of Hous. Preservation & Dev.*, 990 F.2d 1397, 1401 (2d Cir.1993). An uncharged claim is "reasonably related" to conduct alleged in an EEOC complaint where (1) the claim would fall within the reasonable scope of the EEOC investigation; (2) the employee alleges retaliation by an employer for filing an EEOC charge; or (3) the plaintiff alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge. *Butts,* 990 F.2d at 1402-03.

In this case, only the first exception to the *Butts* requirement is relevant. As the Second Circuit has explained, this category is essentially an allowance of loose pleading. Recognizing that EEOC charges frequently are filled out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims he is suffering, courts have allowed claims not raised in the charge to be brought in a civil action where the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination. *Butts*, 990 F.2d at 1402 (internal quotation marks omitted). A claim not included in an EEOC charge will not be deemed "reasonably related" where the claim is based on "a wholly different type of discrimination" from that alleged in the EEOC

complaint, or "[w]here the facts in the original EEOC charge do not sufficiently apprise the EEOC that another type of discrimination claim lurks in the background . . . ." *Alonzo v. Chase Manhattan Bank, N.A.*, 25 F.Supp.2d 455, 458 (S.D.N.Y. 1998) (internal quotation marks omitted).

Here, plaintiff complained in his original charge that he was subjected to a racially hostile work environment, that he was subjected to unwarranted discipline, and that his employment was terminated based on his race and sex. While he stated that he complained of the allegedly hostile work environment to the District Manager, plaintiff offered no factual allegations from which one could infer any causal connection between the complaint and the subsequent discipline and eventual termination of employment. *See Cole v. Cornell Co-op. Extension*, 2006 WL 2711463, *4 (W.D.N.Y. September 20, 2006) (retaliation claim not "reasonably related" to singular race-based claim in charge); *Tout v. County of Erie,* 2 F.Supp.2d 320, 328 (W.D.N.Y. 1998) (allegations in EEOC charge, of a continuing course of discrimination and harassment, were insufficient to prompt an investigation of retaliatory behavior); *compare Kearney v. ABN AMRO Inc.*, 2006 WL 2354819 (S.D.N.Y. August 10, 2006) (retaliation claim "reasonably related" where plaintiff explained in EEOC charge that she was terminated in retaliation for her efforts to receive equal pay).

As plaintiff failed to put the EEOC and SDHR on notice that he was alleging a claim of retaliation in his original charge, he has failed to exhaust administrative remedies with respect to this claim, and the retaliation claim must be dismissed.

**CONCLUSION**

Defendant's motion to dismiss all NYSHRL claims and the Title VII retaliation claim is granted. Plaintiff may go forward with his hostile work environment and disparate treatment claims under Title VII. A telephone conference will be held on January 5, 2007, at 10:30 a.m.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: December   19   , 2006
p:\opinions\06-313.dec1306